UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CHAP ARNOLD INS. AGENCY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> UTICA NATIONAL INS. GROUP, ) <br> ) <br> Defendant. ) | Case No. 1:24-cv-152 SNLJ |

## MEMORANDUM and ORDER

This matter is before the Court on review of the file. The Eight Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore, et al., *Moore's Federal Practice* § 102.31 (3d ed. 2010).

The complaint asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different States and the matter in controversy exceeds the sum of "$75,000. Plaintiff states it is incorporated in Missouri with its principal place of business in Missouri. Plaintiff alleges that defendant Utica National Insurance Group "is a foreign insurance company duly licensed and authorized

to issue polices of insurance in the State of Missouri, is considered a citizen of the State of New York pursuant to 28 USC §1332(c)(1)." [Doc. 1 at ¶ 4.]

Section 1332(c)(1) pertains to the citizenship of a corporation, which is "…deemed to be a citizen of every State…by which it has been incorporated and of the State…where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiff appears to allege that defendant Utica's principal place of business and state of incorporation are both New York, but plaintiff has not pleaded this directly.

The Court will grant plaintiff twenty-one (21) days to file an amended complaint alleging facts showing the existence of the requisite diversity of citizenship of the parties. If plaintiff fails to timely and fully comply with this Order, the Court will dismiss this matter for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that, by September 10, 2024, plaintiff shall file an amended complaint in conformance with this memorandum and order.

**IT IS FURTHER ORDERED** that if plaintiff does not timely and fully comply with this order, this matter will be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

Dated this 19th day of August, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE